**BUCKLEY & COMPANY, INC., Petitioner,**

v.

**SECRETARY OF LABOR, Respondent.**

**No. 74–1358.**

United States Court of Appeals, Third Circuit.

Argued Dec. 13, 1974.

Decided Jan. 3, 1975.

Le Roy Comanor, Comanor & Stein, Philadelphia, Pa., for petitioner.

Carla A. Hills, Asst. Atty. Gen., Stephen F. Eilperin, Barbara L. Herwig, Dept. of Justice, Washington, D. C., for Secretary.

Before ALDISERT, ADAMS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

This petition for review of an order of the Occupational Safety and Health Review Commission requires us to decide if notice mailed to a superintendent of a garage and maintenance shop of a large construction company is proper notification to the corporate employer under

§ 10(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 659(a). A divided Commission held that the notification to the superintendent satisfied the requirements of the Act. We disagree and set aside the order of the Commission.

The genesis of the citations and notices of proposed penalties was a February 21, 1972, accident resulting in the death of one of Buckley's employees. Edward Glass, Buckley's Office Staff and Safety Officer, duly reported the accident to F. L. Fostyk of OSHA's Philadelphia Area Office. In his report Fostyk entered the location of the accident as 1800 S. 34th Street, Philadelphia, Pa. —the maintenance shop—and the address of the employer as 1317 South Juniper Street, Philadelphia, Pa.

An initial inspection of the maintenance shop by an OSHA compliance officer followed, resulting in Buckley's being cited for one serious violation and ten other violations. A *de minimis* notice was also issued. Although the regional office knew the address of the employer, it sent the citations and *de minimis* notice by certified mail to "Buckley & Company, Incorporated, 1800 South 34th Street, Philadelphia, Pennsylvania."

Each citation explained: "The issuance of a citation does not constitute a finding that a violation of the Act has occurred unless there is a failure to contest as provided for in the Act or, if contested, unless the citation is affirmed by the Occupational Safety and Health Review Commission." Included in the mailing of the citations was a "Notification of Proposed Penalty" addressed to "Mr. Albert L. Proia, Superintendent, BUCKLEY & COMPANY, INCORPORATED, 1800 South 34th Street, Philadelphia, Pennsylvania 19145." The notification stated that "the aforesaid Citation(s), this Notification, and the proposed assessment shall be deemed to be the final order of the Occupational Safety and Health Review Commission and not subject to review by any court or agency, *unless,*

within 15 working days from the date of receipt of this notice, you notify the official named below in writing that you intend to contest the Citation or this Notification of Proposed Penalty before the Review Commission."

Because Buckley neither gave notice of contest nor notified OSHA that it had abated the violations, a follow-up inspection took place. This resulted in the issuance of a new citation and notification of proposed penalty, and, because Buckley had failed to abate certain items of the original citation, a notification of proposed additional penalties. Again, these papers were sent to the South 34th Street maintenance shop and not to the corporate offices on Juniper Street. Once all the proposed penalties became final, Buckley's assessment totaled $3,135.00.

On July 5, 1972, Louis Weiner, Regional Solicitor of the Department of Labor, wrote to the corporation at its Juniper Street address, relating its past correspondence with Mr. Proia at the South 34th Street address and making what he described as a "final demand" for payment of the $3,135.00. Following receipt of this letter, representatives of Buckley called a Labor Department attorney at which time they stated that the Weiner letter was the "first notice of the proposed penalties." Buckley attempted to contest the imposition of the penalties, alleging that its notice of contest was timely because the earlier notifications to Proia were not sufficient notice to the corporation. The Secretary moved to dismiss Buckley's notice of contest because the outstanding citations and penalties had become final and unreviewable. 29 U.S.C. § 659(a) and (b). An administrative law judge denied the Secretary's motion reasoning:

> that service of the Citations and Proposed penalties on Respondent's employee at the storage and maintenance shop did not constitute service on Respondent under the Act. . . .

After the Secretary was granted leave to file an interlocutory appeal to the Commission, a majority of the Commission set aside the ruling of the administrative law judge. This appeal followed.

Section 10(a), in pertinent part, provides:

> If, after an inspection or investigation, the Secretary issues a citation under § 9(a), he shall, within a reasonable time after the termination of such inspection or investigation, notify the employer by certified mail of the penalty, if any, proposed to be assessed under § 17 and that the employer has fifteen working days within which to notify the Secretary that he wishes to contest the citation or proposed assessment of penalty.

Thus, the precise issue is whether the mailings addressed to Proia, superintendent of a maintenance shop and garage of Buckley, were proper notification to the corporate employer of the "penalty . . . proposed to be assessed." Commissioner Van Namee found "it both necessary and appropriate to follow the service requirements as set forth in the Federal Rules under the circumstances of this case. This necessitates a decision as to whether the Secretary has comported with the requirements of Rule 4(d)(3) of the Federal Rules which governs service of process upon a corporation such as the Respondent."[1] Commissioner Cleary concurred, being of the view that "any mailing to an employer that is reasonably calculated to give the employer notice of the citation, penalty, or both" was sufficient, and that the "use of the personal service requirements of the Federal Rules of Civil Procedure is unnecessary to reach this result." Commissioner Van Namee was impressed by Proia's representation that he was superintendent of the worksite, that he acted as Buckley's representative during the OSHA inspection, and that he participated in the closing conference conducted by the compliance officer.

■ We find the reasoning of the chairman of the Commission more persuasive. In dissent, Chairman Moran emphasized that "[i]t is clear that no official of the corporate respondent with authority to spend corporate funds either (a) to pay the proposed penalty, or (b) to abate the alleged violation, or (c) to contest the enforcement proceedings, received notice of either citation until long after both of them had become default judgments." We believe that the relevant intent of Congress in enacting § 10(a) was to provide notice to those corporate officials who have the precise authority delineated by Commission Chairman Moran. If we were to interpret § 10(a) otherwise, then we would frustrate one of the principal purposes of the Act—abatement of hazardous conditions. 29 U.S.C. § 651(b)(1).

■ A fair reading of the record indicates that shop superintendent Proia, the Buckley employee who may be considered responsible for the circumstances leading up to the violations,[2] was the

---

1. In pertinent part this rule provides: "Service shall be made . . . (3) Upon a . . . corporation . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."

2. *Serious Violation*
   1. "Employee, without appropriate protective clothing, was arc welding inside a steel tank, which had to be entered through a manhole, and no means were provided for quickly removing him in case of an emergency, nor was an attendant with a pre-planned rescue procedure stationed at the tank manhole to observe the welder.
   "In addition, employee was using oxygen to supply an air line respirator, which was not approved by the U.S. Bureau of Mines for oxygen use."
   *Non-Serious Violations*
   1. Certain fans lacked appropriate guards.
   2. Lack of grounding outlets for hand-held electric tools at work bench.
   3. Ground prongs broken off plugs on certain portable tools.

very person to whom the notice was sent. After the OSHA inspector pointed out to Proia that the purpose of the follow-up inspection was to determine whether the original violations had been abated, Proia was heard to say, "Oh God, Lord help me, I can't stand another citation." If the test of adequate notice is the probability that appropriate corporate officials will receive notice, it is as reasonable to conclude that Proia would attempt to cover up any derelictions as it is to conclude that he would forward the citations to his superiors. Moreover, while there was evidence that shop superintendent Proia acted as Buckley's representative and participated in the closing conference, this does not justify a conclusion that he had authority to undertake the kind of corporate response the notice provisions of the Act were designed to trigger—contest of the citation or proposed penalty, expenditure of funds to abate the condition giving rise thereto, or payment of the penalty.

In sum, we perceive the Congressional intent to be a requirement that notification must be given to one who has the authority to disburse corporate funds to abate the alleged violation, pay the penalty, or contest the citation or proposed penalty. As to this corporate employer, this means, at the very least, a notice to the officials at the corporate headquarters, not the employee in charge at the particular worksite.

The order of the Commission dismissing Buckley's notice of contest will be set aside.

4. Lack of sufficient access and working space around arc weld machine switch and light switch panels.

5. Lack of, or improperly adjusted work rests for grinding machines.

6. Floor stand grinder had excessive angular exposure of grinding wheel periphery and sides.

7. No standard railing on a flight of stairs to balcony locker room.

8. Key not removed from ignition of fork truck while unattended.

9. Hazardous pile of machine parts.

10. Oxygen cylinders not properly separated from fuel-gas cylinders.

11. Citation issued March 15, 1972, not kept posted as required.

*De Minimis Notice*
1. First aid supplies not approved by consulting physician.