615 F.2d 1156
 8 O.S.H. Cas.(BNA) 1034, 1980 O.S.H.D. (CCH) P 24,261
Ray MARSHALL, Secretary of Labor, Petitioner-Appellee,
v.
MONROE & SONS, INC. and Occupational Safety and Health
Review Commission, Respondents-Appellants.
 No. 77-3157.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 5, 1979.
Decided Feb. 26, 1980.
 
 Alfred G. Albert, Benjamin W. Mintz, Michael H. Levin, Nancy L. Southard, Carin A. Clauss, John A. Bryson, U. S. Dept. of Labor, Washington, D. C., for respondents-appellants.
 Joseph Saslaw, Cleveland, Ohio, William S. McLaughlin, Executive Secretary, OSHRC, Washington, D. C., Allen Sachsel, Dept. of Justice, Washington, D. C., for petitioner-appellee.
 Before WEICK, CELEBREZZE and KENNEDY, Circuit Judges.
 CORNELIA G. KENNEDY, Circuit Judge.
 
 
 1
 The Secretary of Labor (Secretary) appeals from a decision of the Occupational Safety and Health Review Commission (OSHRC) which held that it has jurisdiction pursuant to 29 U.S.C. § 661(f) and Rule 60(b), Fed.R.Civ.Pro., to reinstate a Notice of Contest of a citation under the Occupational Safety and Health Act 29 U.S.C. § 651 et seq. The decision also upheld the vacation of the contested citation when the Secretary, asserting that OSHRC had no jurisdiction to reinstate the Notice of Contest or to reconsider the matter, declined to offer any evidence.
 
 
 2
 The facts are not in dispute. The Secretary issued citations against Monroe and Sons, Inc. (Monroe) on December 12, 1973, based on an inspection of Monroe's worksite on November 30, 1973. Monroe responded with a Notice of Contest dated January 3, 1974. As a result of the Notice of Contest a complaint was issued against Monroe on January 14, 1974. Monroe was also required to file an answer with OSHRC within 15 days of service of the complaint, but failed to do so. 29 C.F.R. § 2200.33. The Secretary made a motion to dismiss the Notice of Contest based on Monroe's failure to file an answer. The Secretary's motion to dismiss was granted on April 15, 1974 in an order which became final on May 15, 1974, in the absence of a Direction for Review by the Commission. In November, 1974, after Monroe had been informed that proceedings were about to be commenced for the collection of the $1,380.00 penalty, Monroe retained counsel for the first time. Monroe's counsel wrote a letter to OSHRC explaining that his client had thought that the letter to OSHRC containing his Notice of Contest had taken care of the complaint, and requesting that his client be given a chance to show that he was not liable. OSHRC responded by granting the motion for reinstatement pursuant to Fed.R.Civ.Pro. 60(b).
 
 
 3
 29 U.S.C. § 661(f) authorizes OSHRC to make such rules as are necessary for the orderly transaction of its proceedings and provides that unless OSHRC has adopted a different rule, its proceedings shall be in accordance with the Federal Rules of Civil Procedure. Fed.R.Civ.Pro. 60(b) provides for the granting of relief from a final judgment, order, or proceeding, on motion by one of the parties, for a number of specified reasons including mistake, inadvertence, surprise and excusable neglect. After a review of the legislative history of the Occupational Health and Safety Act, and of other authority in this area, we conclude that OSHRC has jurisdiction to grant relief from final orders pursuant to Fed.R.Civ.Pro. 60(b).
 
 
 4
 The Secretary argues that the language of the statute and the legislative intent of speedy finality preclude any reconsideration by OSHRC of its orders other than the reconsideration specifically provided for in the Act. The Secretary argues that since the Act addresses the question of reconsideration of orders by OSHRC, the application of § 60(b) is inconsistent with the statutory scheme.
 
 
 5
 It should be noted at the outset that the instant case is not one in which the administrative agency is claiming an inherent power to apply the Federal Rules of Civil Procedure, including what were formerly equitable powers of relief from final orders now codified in Fed.R.Civ.Pro. 60(b). See, Lasky v. Commissioner of Internal Revenue, 235 F.2d 97 (9th Cir. 1956), aff'd mem. 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598 (1957). The critical determination that must be made in questions of administrative reconsideration is the extent to which Congress afforded the agency the power of reconsideration. The courts have been reluctant to allow agencies to expand their powers of reconsideration without a solid foundation in the language of the statute. Civil Aeronautics Board v. Delta Air Lines, Inc., 367 U.S. 316, 321-322, 334, 81 S.Ct. 1611, 1616-1617, 1623, 6 L.Ed.2d 869 (1961). In the Occupational Safety and Health Act, however, Congress specified that the Federal Rules of Civil Procedure could be applied by OSHRC.[1] The power claimed by OSHRC, therefore, has a solid foundation in the language of the statute.
 
 
 6
 The Secretary focuses on the provisions of the statute defining the finality of orders as precluding the application of 60(b). The operation of Fed.R.Civ.Pro. 60(b), however, does not have the effect of negating the statutory rules of finality, but rather specifically applies to final orders under the circumstances enumerated.[2] The application of Fed.R.Civ.Pro. 60(b) to final OSHRC orders does not differ from the rule's application to any final court judgment. Rule 60(b) coexists with Rule 59 which limits the time for new trial or rehearing. The statutory language providing for the finality of OSHRC orders does not conflict with the application of 60(b), but rather is consistent with the application of that rule.
 
 
 7
 29 U.S.C. § 661(i) provides that a report by a hearing examiner which constitutes his final disposition of the proceedings shall become the final order of the Commission within 30 days unless a Commission member has directed review of the matter.[3] This section provides for a review procedure within the Commission itself, and is not directed toward providing relief under the circumstances addressed by 60(b). 29 U.S.C. § 659(c) provides for a thirty day time period before the Commission's orders become final. This section similarly defines the point at which Commission orders become final, and thus does not diminish the applicability of 60(b) which, by its very definition, applies to final orders.
 
 
 8
 The Secretary also cites the section of the Act providing for reconsideration under a specific circumstance as being in conflict with 60(b). 29 U.S.C. § 659(c) provides for modification by OSHRC of abatement requirements where the employer's failure to comply with the requirements is due to factors beyond his reasonable control. This provision was intended to prevent unfair hardship which could result when abatement requires such things as the delivery of additional equipment which could delay compliance through no fault of the employer. Senate Rep.No.91-1282, 91st Cong., 2d Session, reprinted in (1970) U.S.Code Cong. & Admin.News, pp. 5177, 5192. This section deals with a very specific problem that was anticipated by Congress. It does not deal with the circumstances enumerated under Fed.R.Civ.Proc. 60(b), nor would 60(b) cover the problem addressed by 29 U.S.C. § 659(c). This section does not conflict with Fed.R.Civ.Proc. 60(b) and does not therefore preclude its application. Neither the statutory provisions cited by the Secretary, nor the purposes behind those provisions reveal any conflict between the OSHA provisions dealing with finality and modification and the application of Fed.R.Civ.Proc. 60(b).
 
 
 9
 The Secretary also argues that the legislative intent of speedy finality precludes the application of 60(b). The legislative intent to create a system of swift finality and virtually self-executing citations to prompt swift abatement of unsafe working conditions is beyond dispute. See Senate Rep.91-1282, 91st Cong., 2nd Session, reprinted in (1970) U.S.Code Cong. & Admin.News, pp. 5177, 5220. Brennan v. Winters Battery Manufacturing Company, 531 F.2d 317, 322 (6th Cir. 1975). However, the Secretary's assertion that the application of 60(b) will result in delays justifying preclusion of the rule in spite of the specific statutory provision allowing the use of the Federal Rules of Civil Procedure is unpersuasive. Proper application of 60(b) will result in no significant delays in enforcement under the statute. The prompt enforcement of orders will bring them to the attention of the employer and promptly remove any grounds which could trigger 60(b). Further, Fed.R.Civ.Pro. 60(b) provides that a motion under the rule does not affect the finality of a judgment or suspend its operation. Employers would not be able to use motions made under 60(b) as a delaying tactic. Only claims which demonstrate all of the requirements of 60(b) would result in any delay. When 60(b) is properly applied, including the requirement of a meritorious defense (see discussion infra pp. 1160-1162, such claims should be few in number.
 
 
 10
 In accordance with the foregoing analysis, we conclude that OSHRC has specific statutory authority to apply the Federal Rules of Civil Procedure, including Rule 60(b), and that neither the specific provisions of OSHA nor the legislative intent behind the statute conflict with the proper application of 60(b).
 
 
 11
 We must also determine whether 60(b) was properly applied in this case. In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious defense. Ben Sager Chemicals International, Inc. v. E. Targosz & Co., 560 F.2d 805, 808 (7th Cir. 1977); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970); Central Operating Company v. Utility Workers of America, 491 F.2d 245 (4th Cir. 1973). E. g., Rooks v. American Brass Company, 263 F.2d 166 (6th Cir. 1959); Smith v. Kincaid, 249 F.2d 243, 245 (6th Cir. 1957). Determinations made pursuant to Fed.R.Civ.Pro. 60(b) are within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion. H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co., 536 F.2d 1115, 1119 (6th Cir. 1976); Smith v. Kincaid, supra.
 
 
 12
 As stated, OSHRC granted relief under 60(b) in this case upon Monroe's assertion that he thought that his letter containing the Notice of Contest had "taken care" of the complaint. OSHRC stated in its review of the decision made after reinstatement that pro se employers are often confused by the legal terms used in the communications which they receive regarding OSHA citations and genuinely believe that submission of a notice of contest satisfies the requirement of filing an answer to the complaint. A review of the communications which were sent to Monroe discloses that the information given to Monroe may have been confusing in two respects. With the citation Monroe was given a booklet entitled "A Guide to Procedures of the Occupational Safety and Health Review Commission." Section 1 of that booklet is entitled "The Commission." Section 2, entitled "How OSHA Cases Are Initiated by the Department of Labor", contains the following language in italics:
 
 
 13
 When the OSHA inspector finds what he believes to be a violation of the Act, the employer is notified in writing of the exact nature of the alleged violation and the period of time OSHA deems reasonable for its correction. This document is called a CITATION. The period of time specified in the citation for the correction of the alleged violation is called the Abatement Period. The Act requires that the employer post a copy of the citation.
 
 
 14
 If neither the cited employer nor any affected employees take action to contest this action WITHIN FIFTEEN WORKING DAYS (Mondays through Fridays, excluding Federal holidays), the citation and notification of proposed penalty will become the final order of the Commission and not subject to review by any court or agency.
 
 
 15
 Section 3 is headed "How an Employer Contests an OSHA Action". There the employer is told,
 
 
 16
 Initially there are two things to be done by an employer who wishes to contest the citation he has received from OSHA, or any part thereof, or the amount of any penalty proposed against him:
 
 
 17
 (A). Within fifteen working days from his receipt of the notification of proposed penalty, he must notify the Labor Department, in writing, of his intent to contest (this is called a Notice of Contest), and
 
 
 18
 (B). Upon receiving notice that the case has been docketed, he must notify his affected employees (and their union representative, if any) that he is contesting the case.
 
 
 19
 The notice of contest is a simple written statement by the employer, or his representative, that he intends to contest the action initiated against him by the Department of Labor. If the employer does not wish to contest everything in the citation and notification of proposed penalty, his letter should specify exactly what he is contesting.
 
 
 20
 Section 4 is entitled "Where to Send Notice of Contest". It is not until Section 5, "Procedures Before Hearing", that there is a reference to the need to file an answer to the complaint, which reiterates the charges of the citation. Nor does the section mention the effect of the failure to file such an answer. The following section is entitled "Withdrawal of Notice of Contest", which would tend to reinforce a belief that filing the Notice of Contest, which Monroe had done, was sufficient to obtain a hearing. Further, the Secretary's response to the employer's failure to file an answer is called a "Motion to Dismiss Notice of Contest". This reference to dismissal in response to a pro se employer's Notice of Contest could lead such an employer to conclude that the proceeding against him was being dismissed. Nothing is said about any default or judgment being entered against him. In view of the confusing aspects of the procedural instructions given to Monroe, the employer in this case, the Court concludes that OSHRC did not abuse its discretion in determining that the failure to submit an answer in this case was the result of excusable mistake or neglect under Fed.R.Civ.Pro. 60(b). The fact that a defendant was misled by certain procedural requirements, resulting in his failure to file a timely answer, has been a proper consideration by the courts in determining whether to grant relief under 60(b). See, A. F. Dormeyer Company, Inc. v. M. J. Sales & Distributing Co., Inc., 461 F.2d 40 (7th Cir. 1972); Provident Security Life Insurance Company v. Gorsuch, 323 F.2d 839, 842-843 (9th Cir. 1963), cert. denied, 376 U.S. 950, 84 S.Ct. 966, 11 L.Ed.2d 970 (1964).
 
 
 21
 Whether Monroe met the second requirement of 60(b), the demonstration of a meritorious defense, was not discussed in the decisions rendered below, although the Secretary did raise the point in its brief filed with the Commission.
 
 
 22
 Monroe was engaged in the business of masonry construction at the time of the inspections. The citations against Monroe involved the failure to temporarily brace or shore masonry walls until they reached the designated lateral strength, the failure to stack and secure building materials, and the failure to provide the requisite guarding for floor openings. The statement of defense made by Monroe at the time the 60(b) reinstatement was granted was that it was the responsibility of the owner of a masonry wall under construction to see that the wall was braced by skilled carpenters and that the stacking of materials cited in the second citation could not be avoided on any job. The defendant subsequently claimed in its answer that the tradesmen and the general contractor were the parties who violated the Act, if any violations existed. In the final brief submitted to OSHRC, Monroe argued that he did not cause the violations and that it would be difficult to ascertain who actually caused the violations due to the number of tradesmen and subcontractors working at the site.
 
 
 23
 A contractor at a construction site does not necessarily avoid responsibility for OSHA citations by demonstrating that he has not created the dangerous situation in question. Marshall v. Knutson Construction Company, 566 F.2d 596, 599 (8th Cir. 1977). However, Monroe's assertion that he did not create the violations, while not a full legal defense, raised a number of factual questions relating to his responsibility for the citations. Considering the apparent informal nature of the proceedings, we conclude that OSHRC did not abuse its discretion in determining that Monroe had made a sufficient showing of a meritorious defense, as required by 60(b), to allow him to present that defense.
 
 
 24
 This Court has concluded that OSHRC has the authority to apply Fed.R.Civ.Pro. 60(b) and that it did not abuse its discretion in its application of that rule in this case. In so deciding, we do not endorse the liberal application of 60(b) in the case of pro se employers suggested by OSHRC. In applying 60(b), OSHRC is required to make a careful determination as to the presence of the two requirements reviewed in this decision.
 
 
 25
 The order of the Commission is AFFIRMED.
 
 
 
 [1]
 In passing upon this same issue in Brennan v. Occupational Safety and Health Review Commission, 502 F.2d 30 (1974), the Fifth Circuit, relying upon Civil Aeronautics Board v. Delta Air Lines, supra, failed to note the absence of statutory authorization to the CAB to apply the Federal Rules of Civil Procedure. Because we believe their reliance on Delta Air Lines was misplaced and because we are unable to agree with their analysis of the statutory scheme, we decline to follow their holding that OSHRC lacks jurisdiction to grant relief under 60(b)
 
 
 [2]
 Fed.R.Civ.Pro. 60(b) "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons . . ." (Emphasis supplied)
 
 
 [3]
 Rule 59(d), Fed.R.Civ.Pro., which permits a trial court to grant a new trial on its own motion only if it does so within 10 days, is the counterpart of this statutory provision