**CAPITAL CITY EXCAVATING CO., INC., Petitioner,**

v.

**Raymond J. DONOVAN, Secretary of Labor, and Occupational Safety and Health Review Commission, Respondents.**

No. 80–3681.

United States Court of Appeals, Sixth Circuit.

Argued March 26, 1982.

Decided May 26, 1982.

Rehearing and Rehearing En Banc Denied July 14, 1982.

Roger L. Sabo, Knepper, White, Arter & Hadden, Columbus, Ohio, for petitioner.

Baruch A. Fellner, Counsel for Regional Litigation, John R. Bradley, Washington, D. C., William S. Kloepfer, Associate Regional Sol., U. S. Dept. of Labor, Cleveland, Ohio,

Anthony J. Steinmeyer, Al J. Daniel, Jr., Civ. Div., Dept. of Justice, Ann Nachbar, Robert C. Gombar, Paul A. Lafranchise, Sr., Gen. Counsel, Occupational Safety and Health Review Com'n, Washington, D. C., for respondents.

Before LIVELY and JONES, Circuit Judges, and WEICK, Senior Circuit Judge.

LIVELY, Circuit Judge.

Capital City Excavating Co., Inc. (Capital City) petitions for review of an order of the Occupational Safety and Health Review Commission (the Commission). The Commission's order held that Capital City's notice of contest of a citation and proposed penalty for alleged violations of the Occupational Safety and Health Act (the Act), 29 U.S.C. § 651 *et seq.*, was untimely. On the basis of this holding the Commission concluded it had no jurisdiction to review the merits of Capital City's claims that the citation and proposed penalties were improper.

### I.

### A.

Following an inspection of its work site on September 5, 1978, Capital City was cited for trenching violations. A document styled "Citation and Notification of Penalty" was issued by the Occupational Safety and Health Administration (OSHA) on September 12 and was sent by certified mail to the corporate headquarters of Capital City. The return receipt which stated, "I have received the article above described," was signed by a clerical employee of Capital City on September 13. The document reached Ralph Walls, secretary of Capital City, on September 15. On October 6, 1978 a Notice of Contest was prepared by Capital City and deposited in the mails late that evening at a postal substation near the corporate office. This notice was postmarked October 7, 1978 and was received by the Commission on October 10.

According to the uncontradicted affidavit of Ralph Walls he was responsible for reviewing all mail received by Capital City and seeing that it was dispatched to the proper people within the company. When Walls received the citation and notification on September 15 he affixed a time stamp to the face of the document which bore that date. When the document was delivered to the president of Capital City the only date of receipt shown on its face was September 15. The employee who signed the return receipt on September 13 was not an authorized agent, a managing officer or an official of Capital City.

### B.

Section 10(a) of the Act, 29 U.S.C. § 659(a),[1] gives an employer fifteen working days from receipt of a citation or proposed assessment of penalty within which to notify the Secretary of Labor that he intends to contest the citation or penalty. If a notice of contest is not filed within this time "the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency." *Id.* The Secretary of Labor has interpreted "working days" to mean Mondays through Fridays, excluding federal holidays. 29 C.F.R. § 1903.21(c). October 6 was the fifteenth working day after September 15.

---

**1.** 29 U.S.C. § 659(a) provides:

If, after an inspection or investigation, the Secretary issues a citation under section 658(a) of this title, he shall, within a reasonable time after the termination of such inspection or investigation, notify the employer by certified mail of the penalty, if any, proposed to be assessed under section 666 of this title and that the employer has fifteen working days within which to notify the Secretary that he wishes to contest the citation or proposed assessment of penalty. If, within fifteen working days from the receipt of the notice issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty, and no notice is filed by any employee or representative of employees under subsection (c) of this section within such time, the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency.

### C.

The Secretary of Labor filed a motion with the Commission to dismiss Capital City's notice of contest as untimely. A Commission judge denied the motion upon finding that no prejudice had resulted from the October 6 filing of the notice of contest. The question of timeliness was raised at a hearing on the citation before a second Commission judge, and following a change of position by the Commission on the question of whether 29 U.S.C. § 659(a) presents an "impenetrable barrier" to consideration of a notice filed after the fifteen-day period, the administrative law judge to whom this case had been referred for adjudication determined that the motion to dismiss should be "re-evaluated."

Upon reconsidering the matter the administrative law judge concluded that the notice of contest was timely. The judge noted that the employee who signed the receipt on September 13 was not authorized to receive service of process for Capital City and was not a person upon whom service may be made under Rule 4(d) of the Federal Rules of Civil Procedure.[2] He concluded that the date of receipt for purpose of starting the fifteen-day period was September 15, when the citation and notification was received by an employee [Walls] who was situated to bring it to the attention of an appropriate corporate official who could act on it.

The decision of the administrative law judge was then reviewed by the Commission which determined that his reliance on Rule 4(d) of the civil rules "was misplaced" and that Commission holdings in other cases had been "misapplied." The Commission concluded that Rule 4(d)(3) applies only when personal service of a citation and penalty is attempted. When delivery is made by certified mail to an employer's place of business and the receipt is signed by an employee who accepts delivery of certified mail, service on the employer is complete. Thus, the Commission determined that the period for filing a notice of contest expired on October 4, 1978, the fifteenth working day after September 13. The Commission further concluded that since there was no timely notice of contest, the citation and notification of penalty became an unreviewable final order under section 10(a) of the Act, and that it had no jurisdiction to review the citation. Capital City has petitioned for review of this order, as provided by 29 U.S.C. § 660(a).

### II.

### A.

Capital City contends that the Commission erred as a matter of law in holding that its notice of contest was untimely. It relies upon a decision which held failure to file within fifteen days does not raise an "impenetrable barrier" to jurisdiction over an appeal from a citation. *See Atlantic Marine, Inc. v. O.S.H.R.C.*, 524 F.2d 476 (5th Cir. 1975). Capital City points out that the Commission began to recognize exceptions to strict application of the fifteen-day requirement following *Atlantic Marine*, and argues that the present case is one where an exception should be recognized.

Though the citation and notification was received by an employee of Capital City on September 13, it was not received by a corporate official until September 15. Capital City urges us to adopt the rationale of *Buckley & Co., Inc. v. Secretary of Labor*, 507 F.2d 78 (3d Cir. 1975), where the court stated:

---

2. Rule 4(d) provides in relevant part:

   **(d) Summons: Personal Service.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

     *   *   *   *   *   *

   (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

In sum, we perceive the Congressional intent to be a requirement that notification must be given to one who has the authority to disburse corporate funds to abate the alleged violation, pay the penalty, or contest the citation or proposed penalty.

*Id.* at 81. Capital City also urges us to uphold the decision of the administrative law judge that the time for a contest only begins to run when the citation and notification has been received by a corporate agent or officer specified in Rule 4(d)(3), F.R.Civ.P. Capital City makes the additional argument that the return receipt was not properly made a part of the record before the Commission.

### B.

The Secretary of Labor maintains that the Commission correctly concluded that it had no jurisdiction to consider any substantive issues, since the notice of contest was not filed within fifteen working days from the time it was received. The Secretary relies on several Commission decisions defining "receipt." *E.g., Henry C. Beck Co.*, 8 OSHC 1395 (1980) (receipt occurs upon delivery to employer's agent so long as actual notice is likely to result); *Womack Construction Co.*, 1977–1978 OSHD ¶ 22,354 (OSHRC 1977), *aff'd without opinion sub nom. Womack Constr. Co. v. O.S.H.R.C.*, No. 78–1178 (9th Cir. 1979) (receipt by an agent at company headquarters is likely to result in actual notice to corporate officials). Though the Commission has "decline[d] to follow" *Buckley & Co., Inc. v. Secretary of Labor, supra, see B. J. Hughes, Inc.*, 7 OSHC 1471, 1474 (1979), the Secretary seeks to distinguish that case from the present one. The Secretary points out that in *Buckley* the citation and notification was sent to the work site, whereas it was sent to corporate headquarters in the present case.

The Secretary also contends that there were no circumstances in this case which would require equitable tolling of the fifteen-day period or which would bring it within any exception to the time requirement. This contention is made in recognition of some decisions by the Commission which have extended the fifteen-day period. As we point out, *infra*, the Secretary apparently does not agree with those decisions and would treat the time requirement as strictly jurisdictional. Nevertheless he asserts that the Commission has consistently held for many years that delivery to a corporation's headquarters starts the time for contest running, citing *Kerr-McGee Chemical Corp.*, 1976–1977 OSHD ¶ 25,453 (OSHRC 1976). The Secretary also argues that Congress chose notification by certified mail as a sufficient means of apprising employers of citations and proposed penalties, and that civil rule 4(d)(3) has no application to the Act except where personal service is attempted in lieu of service by mail. *See Donald K. Nelson Construction, Inc.*, 1975–1976 OSHD ¶ 24,203 (OSHRC 1975) (notification left with the wife of the president of the employer corporation at her home was held not to start the time for notice of contest running); *compare Joseph Weinstein Electrical Corp.*, 1978 OSHD ¶ 27,180 (OSHRC 1978) (Rule 4(d)(3) not applicable to service by certified mail).

### III.

### A.

Counsel for the Secretary appears to argue, contrary to the holdings of the Commission, that the fifteen-day period for notice of a contest is jurisdictional in the sense that the time cannot be extended under any circumstances. We disagree. In fact, the court decisions cited in support of the position that the time period is jurisdictional have not so held. *Brennan v. Winters Battery Mfg. Co.*, 531 F.2d 317 (6th Cir. 1975), *cert. denied*, 425 U.S. 991, 96 S.Ct. 2202, 48 L.Ed.2d 815 (1976), and *McLean Trucking v. O.S.H.R.C.*, 593 F.2d 8 (4th Cir. 1974), held that the provision making an uncontested citation a final and unreviewable order does not deny procedural due process. In *Brennan v. O.S.H.R.C.*, 487 F.2d 230 (5th Cir. 1973), the court held that the Commission did not abuse its discretion in treating a letter from an employer's attorney as a notice of contest of a proposed penalty.

Even a decision of the Commission on which the Secretary relies cannot reasonably be construed as treating the fifteen-day requirement as jurisdictional:

> We accordingly hold that a notice of contest must be in writing and that a notice of contest not filed "within fifteen working days from receipt of the notice issued by the Secretary," section 10(a), 29 U.S.C. § 659(a), is invalid *unless* the employer can show the delay in filing its notice of contest was caused by "the Secretary's deception" or failure to follow proper procedures. *Atlantic Marine*, supra.

*Keppel's, Inc.*, 7 OSHC 1442, 1445 (1979) (emphasis added). We conclude that the fifteen-day period for notice of contest may be extended under proper circumstances.

### B.

Though Capital City has cited a number of cases under Title VII of the 1964 Civil Rights Act and the Age Discrimination in Employment Act which applied the doctrine of equitable tolling, it has not pointed to any exceptional circumstances which would justify tolling in the present case; *e.g.*, reliance on erroneous information received from OSHA or Labor Department representatives. See *Henry C. Beck Co., supra*, and *B. J. Hughes, Inc., supra*.

The affidavit of Ralph Walls does not dispute the authority of the clerical employee at corporate headquarters who signed the return receipt to receive or sign for certified mail.[3] Though this employee did not have authority to act on the citation, it is clear that she passed it along to a company officer, because Walls had it in his possession two days later. In the absence of circumstances not present here when a citation and notice of penalty is delivered to corporate headquarters[4] by the statutory

means and delivery is accepted by an agent of the corporation possessing authority to do so, there has been "receipt" of the document within the meaning of 29 U.S.C. § 659(a). It is reasonable to believe that such delivery will bring the document promptly to the attention of an officer or manager in position to take steps either to abate the charged deficiencies or give notice of protest. Because a citation and penalty proposal involves a determination that workers are in danger of injury the Act provides an extremely short time for protest. This period is not to be extended merely because of delay in the internal routing of the notification document after its delivery to corporate headquarters.

### C.

At oral argument Capital City sought to strengthen its contention that the requirements of Rule 4(d)(3) should apply by relying on *J. I. Hass Co., Inc. v. O.S.H.R.C.*, 648 F.2d 190, 195 (3d Cir. 1981). It argued that if one of the civil rules applies to proceedings under the Act, all should apply. In *J. I. Hass* the court held that the Commission does have jurisdiction to entertain a late notice of contest under Rule 60(b), F.R.Civ.P. In reaching this conclusion the *Hass* court expressly followed this court's decision in *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156 (6th Cir. 1980). In *Marshall* we rejected the Secretary's contention that the Commission had no jurisdiction to reinstate proceedings which had been dismissed for failure to file an answer to a complaint. The ruling came on motion of the employer made pursuant to Rule 60(b). The Secretary argued in *Marshall* that the finality provisions of 29 U.S.C. § 659 precluded the application of Rule 60(b). This court pointed out that Rule 60(b) by its terms applies only to final or-

---

3. In *Brennan v. Winters Battery, supra*, 531 F.2d at 324, we noted that the certified mail receipt was signed by a representative of the employer "whose authority is not questioned."

4. We agree with the court in *Buckley & Co., Inc., supra*, that delivery to a work site is not sufficient and that delivery to such a location does not constitute receipt by a corporate em-

ployer. We expressly disagree with the Commission's contrary determination in *B. J. Hughes, Inc., supra*, 7 OSHC at 1475, 1978 OSHD at ¶ 27,181. A notification to a corporate employer must be sent to corporate headquarters unless the employer has directed that it be sent to a different address.

ders[5] and that an OSHRC order is no less subject to consideration under the rule than is any final court judgment. *Id.* at 1159. The court also noted that the Act specifically provides for application of the Federal Rules of Civil Procedure where the Commission has not adopted a different rule. 29 U.S.C. § 661(f).

Since Capital City did not file a Rule 60(b) motion before the Commission, that rule is not involved in this case. It argues that since this court has recognized the application of the civil rules in Commission proceedings, we should require all civil rules to be followed, including Rule 4(d)(3). The short answer to Capital City's argument is that Congress has adopted a "different rule" with respect to notification. Congress provided for notification by certified mail, and when notification is effected by certified mail addressed to corporate headquarters, Rule 4(d)(3) does not apply.

### D.

 Without denying its authenticity Capital City contends the return receipt for certified mail which its employee signed was never properly made a part of the record. It is true that the receipt was not authenticated by an affidavit. However, it was attached as an exhibit to the motion to dismiss and was referred to by counsel for the Secretary at a hearing before the administrative law judge. Capital City did not object to consideration of the exhibit. Acting pursuant to 29 U.S.C. § 661(f) the Commission has adopted the following rule:

> In the absence of objection by another party or intervenor, exhibits shall be admitted into evidence as a part of the record, unless excluded by the judge pursuant to § 2200.72.

29 C.F.R. § 2200.71(b). We conclude that the receipt for certified mail and other exhibits submitted with the motion to dismiss were properly considered by the Commission.

**5.** Rule 60(b) provides in part:
  "On motion and upon such terms as are just, the Court may relieve a party or his legal repre-

### CONCLUSION

The Commission correctly declined to consider the merits of the citation and proposed penalty. The citation and notification was received at corporate headquarters on September 13. Capital City has not identified any circumstances which would be cause for extending the fifteen-day period for notice of contest beyond October 4. In the absence of a timely notice of contest the citation and proposed penalty became an unreviewable final order.

The petition for review is denied, and the decision of the Commission is affirmed.

sentative from a *final* judgment, order, or proceeding for the following reasons ...." (Emphasis added).