IN THE MATTER OF: HOUSE OF RAEFORD FARMS, INC. v. JOHN C. BROOKS, Commissioner of Labor of North Carolina

No. 8210SC951

(Filed 5 July 1983)

1. **Master and Servant § 114— OSHA violation—statute requiring notice to employer only**

G.S. 95-137(b)(1) only requires notice to the employer by certified mail by the Labor Department of an OSHA violation. It does not require that the notice be addressed to a particular "individual or officer in responsibility at the . . . corporation."

2. **Master and Servant § 114— OSHA violation—constitutionality of notice statute**

The notice provision in G.S. 95-137(b)(1) is virtually identical to that contained in its counterpart in the federal act, 29 U.S.C. § 659(a), and the notice required by the statute satisfies the constitutional due process requirement that notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. G.S. 1A-1, Rule 4(j)(6)c, Art. I, Sec. 19 of North Carolina Constitution, and XIV Amendment of U.S. Constitution.

3. **Administrative Law § 8; Master and Servant § 114— OSHA violation—review of superior court proper**

Although G.S. 150A-51 provides that a trial judge must set out in writing the reasons for reversal or modification of an agency decision, there is no similar provision governing affirmance of agency decisions. Therefore, there was no basis for disturbing the judgment where the judgment expressly stated that the court considered the arguments and briefs of counsel.

APPEAL by petitioner, House of Raeford Farms, Inc., from *Hobgood (Robert H.), Judge.* Judgment entered 5 August 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 10 June 1983.

On 8 January 1981 the North Carolina Department of Labor (hereafter Department) cited petitioner for alleged violations of the Occupational Safety and Health Act (hereafter the OSHA), G.S. 95-126 to -155 (1981). The Department mailed the citation, together with a "Notification of Proposed Penalty" in the sum of $720.00, by certified mail, return receipt requested, in an envelope addressed to "House of Raeford Farms, Inc., Post Office Box 100, Raeford, North Carolina 28376."

The citation advised petitioner of its right to contest both it and the proposed penalty by notifying the Director of the Office

of Occupational Safety and Health within fifteen working days following its receipt. *See* G.S. 95-137(b)(1) (1981). Petitioner's assistant controller acknowledged receipt of the citation on 14 January 1981. The period of fifteen working days thereafter expired on 4 February 1981. Petitioner did not mail a notice of contest until 11 March 1981. The Department received that notice on 13 March 1981.

Respondent, Commissioner of Labor, moved to dismiss petitioner's notice of contest on the ground that it was not filed within the "15 working days" limitation imposed by G.S. 95-137(b)(1). The hearing examiner granted the motion and directed petitioner to comply with the citation as originally issued.

On review the Safety and Health Review Board concluded that the citation and proposed penalty were properly served on petitioner on 14 January 1981, and that petitioner's notice of contest filed on 11 March 1981 was barred as untimely. It therefore affirmed the hearing examiner.

The superior court affirmed the Board's decision "in its entirety." The judgment recited that the court had considered the arguments and briefs of counsel and was of the opinion that the decisions of the hearing examiner and the Board were supported by competent, material, and substantial evidence, and that the conclusions of law were correct.

From this judgment, petitioner appeals.

*Jordan, Brown, Price & Wall, by Henry W. Jones, Jr., for petitioner appellant.*

*Attorney General Edmisten, by Assistant Attorney General Elaine J. Guth, for respondent appellee.*

WHICHARD, Judge.

In accord with the directive of *Utilities Comm. v. Oil Co.*, 302 N.C. 14, 19, 273 S.E. 2d 232, 235 (1981); *see also Savings and Loan League v. Credit Union Comm.*, 302 N.C. 458, 463-64, 276 S.E. 2d 404, 407-09 (1981), we first state the applicable standard and scope of our review. Although G.S. 150A-1 (1983) expressly exempts the Occupational Safety and Health Review Board from the provisions of the APA, G.S. 95-141 (1981) expressly provides that

judicial review on appeal from contested cases under the OSHA shall be in accordance with General Statutes Chapter 150A, the Administrative Procedure Act. G.S. 150A-51 (1983) specifies the scope of judicial review of an administrative agency decision and the dispositional alternatives available to the court.

The contentions here relate to interpretation, application, and constitutionality of G.S. 95-137(b)(1), the governing notice statute. Error in statutory interpretation is an error of law. *See Brooks, Comr. of Labor v. Grading Co.*, 303 N.C. 573, 580, 281 S.E. 2d 24, 29 (1981). On judicial review of an agency decision the court may reverse or modify if the decision is "[a]ffected by . . . error of law." G.S. 150A-51(4). It may also reverse or modify if the decision is "[i]n violation of constitutional provisions." G.S. 150A-51(1). The function of our review here is to determine whether the interpretation given to the notice provisions of G.S. 95-137(b)(1) is affected by error of law, and whether that statute, either on its face or as interpreted and applied, is in violation of constitutional provisions.

G.S. 95-137(a) (1981) requires that the Director of the Office of Occupational Safety and Health issue a citation to an employer if, upon inspection or investigation, he or his authorized representative has reasonable grounds to believe the employer has violated any standard, regulation, rule, or order promulgated under the OSHA. G.S. 95-137(b)(1) provides that if the Director issues a citation, "he shall . . . notify the employer by certified mail of any penalty, if any, he has recommended to the Commissioner [of Labor] . . . and that the employer has 15 working days within which to notify the Director that he wishes to contest the citation or proposed assessment of penalty." It further provides that if notice of contest is not given within the requisite "15 working days," "the citation and the assessment as proposed to the Commissioner shall be deemed final and not subject to review by any court."

[1] "When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *In re Banks*, 295 N.C. 236, 239, 244 S.E. 2d 386, 388-89 (1978). The foregoing statutes are clear and unam-

biguous, leaving no room for judicial construction. G.S. 95-137(b)(1) only requires notice to the employer by certified mail. It does not, as petitioner contends it should, require that the notice be addressed to a particular "individual or officer in responsibility at the . . . corporation."

The Department mailed its citation and notice of proposed penalty by certified mail addressed to petitioner at its corporate headquarters. In so doing it fully complied with the applicable notice requirement. No basis appears for finding error of law in the interpretation and application of G.S. 95-137(b)(1), the governing notice statute. The superior court thus properly affirmed the Review Board unless the governing statute, on its face or as applied, is "[i]n violation of constitutional provisions." G.S. 150A-51(1).

[2] Petitioner contends that requiring notice to be addressed merely to the corporation, and not to a specific "individual or officer in responsibility at the . . . corporation," violates its rights under the due process clause of the fourteenth amendment to the Constitution of the United States and the "law of the land" clause of article I, section 19, of the Constitution of North Carolina. As the party challenging the constitutionality of the statute, petitioner has the burden of establishing its unconstitutionality. *Mobile Home Sales v. Tomlinson*, 276 N.C. 661, 668-69, 174 S.E. 2d 542, 548 (1970). "The presumption is that any act passed by the legislature is constitutional, and the court will not strike it down if [it] can be upheld on any reasonable ground." *Ramsey v. Veterans Commission*, 261 N.C. 645, 647, 135 S.E. 2d 659, 661 (1964). "Statutes must be upheld unless their unconstitutionality clearly, positively, and unmistakably appears . . . ." *Vinson v. Chappell*, 3 N.C. App. 348, 350, 164 S.E. 2d 631, 633 (1968), *aff'd*, 275 N.C. 234, 166 S.E. 2d 686 (1969).

The notice provision in G.S. 95-137(b)(1) is virtually identical to that contained in its counterpart in the federal act, 29 U.S.C. § 659(a), which also requires only that the employer be notified by certified mail of any proposed penalty. Cases construing the federal notice provision are thus instructive.

In *Capital City Excavating Co., Inc. v. Donovan*, 679 F. 2d 105 (6th Cir. 1982), a clerical employee received an OSHA citation and notice of proposed penalty at the employer's corporate head-

quarters on 13 September 1978. This employee was not an authorized agent, managing officer, or official of the corporate employer. The secretary of the corporate employer received the document on 15 September 1978. On 6 October 1978 the corporate employer prepared and mailed a notice of contest, which was postmarked 7 October 1978 and was received by the Review Commission on 10 October 1978.

The employer argued that the period for filing notice of contest did not commence until the date the citation and notification was received by a corporate agent or officer specified in Rule 4(d)(3), Federal Rules of Civil Procedure, who had authority to disburse funds. (Petitioner here makes the same argument pursuant to G.S. 1A-1, Rule 4(j)(6)c (Cum. Supp. 1981).) The court rejected this argument, stating:

> The short answer to [the employer's] argument is that Congress has adopted a "different rule" with respect to notification. Congress provided for notification by certified mail, and when notification is effected by certified mail addressed to corporate headquarters, Rule 4(d)(3) does not apply.

679 F. 2d at 111. It further stated:

> In the absence of circumstances not present here when a citation and notice of penalty is delivered to corporate headquarters by the statutory means and delivery is accepted by an agent of the corporation possessing authority to do so, there has been "receipt" of the document within the meaning of 29 U.S.C. § 659(a). It is reasonable to believe that such delivery will bring the document promptly to the attention of an officer or manager in position to take steps either to abate the charged deficiencies or give notice of protest. Because a citation and penalty proposal involves a determination that workers are in danger of injury the act provides an extremely short time for protest. This period is not to be extended merely because of delay in the internal routing of the notification document after its delivery to corporate headquarters.

679 F. 2d at 110.

*Buckley & Company, Inc. v. Secretary of Labor*, 507 F. 2d 78 (3d Cir. 1975), which is cited and relied on by petitioner, is

distinguishable. The notice there was mailed to the superintend-
ent of a garage and maintenance shop of a large construction com-
pany rather than to the corporate headquarters. The recipient
was the person responsible for the alleged violations. In holding
the notice deficient the court stated:

> If the test of adequate notice is the probability that ap-
> propriate corporate officials will receive notice, it is as
> reasonable to conclude that [the superintendent] would at-
> tempt to cover up any derelictions as it is to conclude that he
> would forward the citations to his superiors.

507 F. 2d at 81. It further stated that proper notification within
the congressional intent required "at the very least, a notice to
the officials at the corporate headquarters, not the employee in
charge at the particular worksite." *Id.*

We find the reasoning of the court in *Capital City Ex-
cavating Co., Inc., supra,* persuasive. Here, as there, the
legislative authority "has adopted a 'different rule' with respect
to notification," 679 F. 2d at 111, *viz.,* the procedure provided by
G.S. 95-137(b)(1). The notice requirements of G.S. 1A-1, Rule 4(j)(6)c
are thus statutorily inapplicable.

Constitutional due process requires only "notice reasonably
calculated, under all the circumstances, to apprise interested par-
ties of the pendency of the action and afford them an opportunity
to present their objections." *Randleman v. Hinshaw,* 267 N.C. 136,
140, 147 S.E. 2d 902, 905 (1966) (quoting *Mullane v. Central
Hanover Trust Co.,* 339 U.S. 306, 314, 94 L.Ed. 865, 873, 70 S.Ct.
652, 657 (1950) ). *See also* 16A Am. Jur. 2d, Constitutional Law
§ 831 (1979). The notice here satisfies this requirement. It was
mailed, in full accord with the applicable statute, by certified mail
addressed to the employer at its corporate headquarters. The
citation contained in bold lettering the words, "IMPORTANT INFOR-
MATION — PLEASE READ CAREFULLY." It advised the recipient, *in-
ter alia,* of its right to contest the citation or proposed penalty
"within 15 working days." The return receipt was signed by an
assistant controller who had attended the opening and closing
conferences conducted by the OSHA inspector. As in *Capital City,*
"[i]t is reasonable to believe that such delivery will bring the
document promptly to the attention of an officer or manager in

position to take steps either to abate the charged deficiencies or give notice of protest." 679 F. 2d at 110.

We thus hold that petitioner has failed to carry its burden of establishing that the notice provision of G.S. 95-137(b)(1), either on its face or as applied, is unconstitutional. The superior court therefore properly declined to find the decision of the hearing examiner and the Board "[i]n violation of constitutional provisions" pursuant to G.S. 150A-51(1).

[3] Petitioner contends the superior court erred in failing to address in its judgment all issues presented for review. It argues that the judgment should have expressly indicated the court's "decision as to whether the Board's findings, inferences, conclusions and decisions were in violation of the United States and North Carolina Constitutions, or were affected by error of law, or were arbitrary and capricious."

G.S. 150A-51, in pertinent part, provides: "If the court reverses or modifies the decision of the agency, the judge shall set out in writing, which writing shall become a part of the record, the reasons for such reversal or modification." The statute contains no similar provision governing affirmance of agency decisions. "Under the APA, a reviewing court's power to affirm the decision of the agency . . . is not circumscribed." *Savings and Loan League, supra*, 302 N.C. at 463, 276 S.E. 2d at 408.

The judgment here expressly states that the court considered the arguments and briefs of counsel. The briefs submitted below, which are part of the record on appeal, set forth the applicable standard of judicial review, together with the errors of law and constitutional violations alleged by petitioner. It is at least implicit in the judgment that the superior court considered and ruled on all matters presented by petitioner, and we find no basis for disturbing the judgment.

Affirmed.

Judges JOHNSON and EAGLES concur.