STATE OF NORTH CAROLINA v. DONALD SULLIVAN, Defendant

No. COA09-526

(Filed 16 February 2010)

## 1. Constitutional Law— North Carolina—right to bear arms— courthouse restriction

The right to bear arms in Article I, Section 30 of the North Carolina Constitution was not violated by the application of N.C.G.S. § 14-269.4, prohibiting deadly weapons in courthouses. Defendant argued for an unrestricted right to bear arms, did not acknowledge the long-standing rule that the right to bear arms in North Carolina is subject to regulation by the General Assembly pursuant to its police power, and did not meet his burden of establishing the unconstitutionality of the statute as applied to him.

## 2. Firearms and Other Weapons— handgun openly carried in courthouse—intent

The trial court did not err by refusing defendant's request to instruct the jury that it must consider whether defendant knowingly or willfully violated N.C.G.S. § 14-269.4, which prohibits deadly weapons in courthouses. Although defendant argued that he did not knowingly violate the statute because he thought it restricted only concealed weapons and he was carrying his weapon openly, the statute in fact prohibits both open and concealed weapons.

Appeal by defendant from judgment entered 19 November 2008 by Judge Jay D. Hockenbury in Pender County Superior Court. Heard in the Court of Appeals 30 November 2009.

*Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, for the State.*

*Donald Sullivan, pro se, defendant-appellant.*

MARTIN, Chief Judge.

Defendant Donald Sullivan appeals from a judgment entered upon his conviction by a jury of possessing a deadly weapon in a courthouse in violation of N.C.G.S. § 14-269.4. We find no error.

On 13 May 2008, Cathy Dixon, a deputy clerk in Pender County, was in her office on the first floor of the main courthouse building

when she saw defendant in the bookkeeping office across the hall and observed that he was wearing a gun. Ms. Dixon immediately contacted a bailiff to report her observations. Deputy Sheriff Hugh T. Frazier, who was on duty as a bailiff in Courtroom 2 in the main courthouse building, responded to the call. Since there were only two bailiffs on duty in the main courthouse, Deputy Sheriff Frazier notified his supervisor, Captain Kevin Kemp of the Pender County Sheriff's Office, that he needed to leave his post in the courtroom "to see what the situation was." When he arrived at the bookkeeping office, Deputy Sheriff Frazier found defendant in conversation with Rebecca Carroll, the Clerk of Pender County Superior Court, and Joy R. James, the bookkeeper for the Pender County Clerk of Court, and observed that defendant "had a semiautomatic on his hip." Deputy Sheriff Frazier approached defendant and advised him that it was against the law for defendant to be wearing a gun in the courthouse, and "asked him to please stand up and remove the gun from his holster." Defendant complied with the deputy sheriff's request. Defendant also "drop[ped] the clip" out of the weapon and removed a round from the chamber at the deputy sheriff's further direction. Deputy Sheriff Frazier then took control of the semiautomatic nine-millimeter Glock 26 and noted that the weapon did not have a manual safety. Shortly thereafter, Captain Kemp arrived at the courthouse and proceeded to the bookkeeping office, where he arrested defendant and seized the nine-millimeter Glock 26, the full magazine clip, and the single round that had been removed from the chamber of defendant's weapon.

On 13 May 2008, defendant was charged with possessing a deadly weapon in a courthouse in violation of N.C.G.S. § 14-269.4. After defendant was found guilty by the Pender County District Court on 13 August 2008, defendant gave notice of appeal to the superior court. Following a two-day trial beginning 18 November 2008, a jury found defendant guilty of violating N.C.G.S. § 14-269.4. The Pender County Superior Court entered a judgment imposing a suspended sentence of forty-five days imprisonment and twelve months of unsupervised probation, and ordered defendant to pay a $500 fine and court costs. As a condition of his probation, defendant was ordered to turn over his semiautomatic nine-millimeter Glock 26 to the sheriff's department "to either be destroyed or used for educational purposes in their discretion." Defendant gave oral notice of appeal.

---

The record on appeal contains seventeen assignments of error. Those assignments of error in support of which defendant failed to

present argument or cite relevant authority in his main brief are not discussed below and are deemed abandoned. *See* N.C.R. App. P. 28(b)(6) (amended Oct. 1, 2009) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."); *see also Hardin v. KCS Int'l, Inc.,* —— N.C. App. ——, ——, 682 S.E.2d 726, 740 (2009) (concluding that an appellant who failed to present argument in support of an issue in his main brief and, instead, did so only in his reply brief, failed to properly present the issue for appellate review (citing *Oates v. N.C. Dep't of Corr.,* 114 N.C. App. 597, 600, 442 S.E.2d 542, 544 (1994); *Golden Rule Ins. Co. v. Long,* 113 N.C. App. 187, 199, 439 S.E.2d 599, 606, *appeal dismissed and disc. review denied,* 335 N.C. 555, 439 S.E.2d 145 (1993); *Animal Prot. Soc'y of Durham, Inc. v. North Carolina,* 95 N.C. App. 258, 269, 382 S.E.2d 801, 808 (1989))).

I.

**[1]** Defendant first asserts that N.C.G.S. § 14-269.4, as applied to him, is an unconstitutional violation of his right to bear arms under Article I, Section 30 of the North Carolina Constitution. For the reasons stated, we overrule this assignment of error.

"[T]he judicial duty of passing upon the constitutionality of an act of the General Assembly is one of great gravity and delicacy. This Court presumes that any act promulgated by the General Assembly is constitutional and resolves all doubt in favor of its constitutionality." *Guilford Cty. Bd. of Educ. v. Guilford Cty. Bd. of Elections,* 110 N.C. App. 506, 511, 430 S.E.2d 681, 684 (1993) (citation omitted). "In challenging the constitutionality of a statute, *the burden of proof is on the challenger,* and the statute must be upheld unless its unconstitutionality clearly, positively, and unmistakably appears beyond a reasonable doubt or it cannot be upheld on any reasonable ground." *Id.* (emphasis added).

Article I, Section 30 of the North Carolina Constitution provides, in part: "A well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed . . . ." N.C. Const. art. I, § 30. However, our Supreme Court has "consistently pointed out that the right of individuals to bear arms is not absolute, but is subject to regulation." *State v. Dawson,* 272 N.C. 535, 546, 159 S.E.2d 1, 9 (1968). Thus, while the right to bear arms " 'is protected and safeguarded by the Federal and State constitutions,' " it is also " 'subject to the authority of the General Assembly, in the exercise of the police power, to regulate, but the regulation

must be reasonable and not prohibitive, and must bear a fair relation to the preservation of the public peace and safety.' " *Id.* at 547, 159 S.E.2d at 10 (quoting *State v. Kerner*, 181 N.C. 574, 579, 107 S.E. 222, 226 (1921) (Allen, J., concurring)).

N.C.G.S. § 14-269.4 provides, in pertinent part: "It shall be unlawful for any person to possess, or carry, whether openly or concealed, any deadly weapon . . . in any building housing any court of the General Court of Justice." N.C. Gen. Stat. § 14-269.4 (2009). In support of defendant's contention that this statute, as applied, is an unconstitutional violation of his right to bear arms, defendant argues that "no authority exists in the Constitution for the General Assembly to enact any legislation which would regulate or infringe on [his] right to peacefully and non-threateningly bear arms." In other words, in his argument to this Court, defendant does not acknowledge the prevailing rule long held by our Supreme Court that the right to bear arms, *while protected* by our Constitution, *is subject to regulation* by the General Assembly pursuant to its police power. *See Dawson*, 272 N.C. at 547, 159 S.E.2d at 10. Instead, in support of his contention that he has an "unrestricted" constitutional right to bear arms—which occupies the better part of his discussion with respect to this assignment of error—defendant suggests only that he has a right to protect himself from "a surprise attack," which could occur in a courthouse or on courthouse grounds where it is "know[n]" that people are "unarmed," because "sometimes a cell phone and an armed deputy are just not good enough." In light of defendant's apparent disregard of the long-recognized rule that *the General Assembly can regulate the right to bear arms* within proscribed limits, and because defendant's argument only seeks to persuade this Court that the General Assembly has "no authority" to "enact any legislation which would regulate or infringe on" his right to bear arms, we conclude that defendant has not met his burden of establishing the unconstitutionality of N.C.G.S. § 14-269.4 as it was applied to him. *See In re House of Raeford Farms, Inc. v. Brooks*, 63 N.C. App. 106, 109, 304 S.E.2d 619, 621 (1983) ("As the party challenging the constitutionality of the statute, [defendant] has the burden of establishing its unconstitutionality."), *appeal dismissed and disc. review denied*, 310 N.C. 153, 311 S.E.2d 291 (1984). Accordingly, we overrule this assignment of error.

II.

**[2]** Defendant next contends the trial court erred when it refused defendant's request to instruct the jury that it had to consider whether

defendant "knowingly" or "willfully" violated N.C.G.S. § 14-269.4. We disagree.

"It is within the power of the Legislature to declare an act criminal irrespective of the intent of the doer of the act." *State v. Hales*, 256 N.C. 27, 30, 122 S.E.2d 768, 771 (1961). "The doing of the act expressly inhibited by the statute constitutes the crime." *Id.*; *State v. McDonald*, 133 N.C. 680, 684, 45 S.E. 582, 583 (1903) ("[W]hen an act is forbidden by law to be done, the intent to do the act is the criminal intent and the law presumes the intent from the commission of the act."). "Whether a criminal intent is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute in view of its manifest purpose and design." *Hales*, 256 N.C. at 30, 122 S.E.2d at 771.

N.C.G.S. § 14-269.4 was enacted for the purpose of "prohibit[ing] the possession, whether openly or concealed, of any weapon while on any state property." 1981 Sess. Laws 927, ch. 646, § 1. The statute provides exceptions for superior and district court judges, magistrates, detention officers, and other military and law enforcement officers who are in possession of such weapons in a courthouse building while acting in the discharge of their official duties and who comply with other enumerated conditions, and also excepts those who are "in possession of a weapon [in a building housing a court of the General Court of Justice] for evidentiary purposes, to deliver it to a law-enforcement agency, or for purposes of registration." *See* N.C. Gen. Stat. § 14-269.4. The portion of N.C.G.S. § 14-269.4 with which defendant was charged, however, provides: "It shall be unlawful for any person to possess, or carry, whether openly or concealed, any deadly weapon . . . in any building housing any court of the General Court of Justice." *Id.* Thus, the plain terms of the provision with which defendant was charged "do not include any reference to criminal intent or *mens rea.*" *See State v. Haskins*, 160 N.C. App. 349, 352, 585 S.E.2d 766, 768, *appeal dismissed and disc. review denied*, 357 N.C. 580, 589 S.E.2d 356 (2003).

Defendant admits that, on 13 May 2008, he chose to enter the Pender County Courthouse while wearing his semiautomatic nine-millimeter Glock 26. Defendant does not assert that he met any of the enumerated exceptions of N.C.G.S. § 14-269.4, but argues that, because he *thought* the courthouse only restricted the carrying of *concealed* weapons, and because he did not conceal his semiautomatic nine-millimeter Glock 26, he did not "knowingly" or "willfully" violate N.C.G.S. § 14-269.4. However, since the purpose of N.C.G.S. § 14-269.4

is "to prohibit the possession, *whether openly or concealed,* of any weapon while on any state property," *see* 1981 Sess. Laws 927, ch. 646, § 1 (emphasis added), and because the plain language of the statute with which defendant was charged does not require a consideration of whether an offender committed the offense "knowingly" or "willfully," we conclude that an offender's intent is not an essential element of N.C.G.S. § 14-269.4. Accordingly, we hold the trial court did not err when it refused defendant's request to instruct the jury that it must consider whether defendant "knowingly" or "willfully" violated N.C.G.S. § 14-269.4.

Because the remaining assignments of error set out in defendant's brief require that this Court accept defendant's contention that an offender's intent is an essential element of N.C.G.S. § 14-269.4, our disposition on this issue as set forth above renders it unnecessary to address defendant's remaining arguments.

No error.

Judges ELMORE and GEER concur.