IN RE: GEORGE A. GUESS, M.D., RESPONDENT

No. 232PA88

(Filed 9 February 1989)

**Physicians, Surgeons and Allied Professions § 7— review of Board of Medical Examiners—appeal of right to Court of Appeals**

The Court of Appeals is the proper court to determine appeals taken from decisions of the superior court in proceedings for judicial review of decisions of the Board of Medical Examiners. Although N.C.G.S. § 90-14.11 directs appeals from superior court review of decisions of the Board to the Supreme Court, N.C.G.S. § 7A-27(b) effectively directs such appeals to the Court of Appeals and is the later enacted statute.

ON grant of North Carolina Board of Medical Examiners' petition for discretionary review of a decision of the Court of Appeals, 89 N.C. App. 711, 367 S.E. 2d 11 (1988), dismissing the Board's appeal from an order of the Superior Court, WAKE County, by *Farmer, J.*, Civil Session 20 May 1987, reversing and vacating an order of the North Carolina Board of Medical Examiners which conditionally revoked respondent's medical license. Heard in the Supreme Court 14 November 1988.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Michael E. Weddington, for appellant-Board of Medical Examiners.*

*Manning, Fulton & Skinner, by Charles E. Nichols, Jr., for appellee.*

FRYE, Justice.

This case is before the Court by grant of discretionary review to determine the proper place of appeal from a decision of the superior court reversing a decision of the North Carolina Board of Medical Examiners (Board). The Board appealed the decision to the Court of Appeals, which dismissed the appeal holding that appeal was directly to this Court pursuant to N.C.G.S. § 90-14.11. For the reasons stated hereinafter, we now reverse and hold that appeal lies of right to the Court of Appeals.

This case had its genesis in a professional disciplinary matter before the North Carolina Board of Medical Examiners under N.C.G.S. § 90-14(a)(6). The Board is authorized to suspend or

revoke the medical licenses of physicians who engage, *inter alia,* in unprofessional conduct. Dr. Guess, an Asheville physician Board certified in the practice of family medicine, was charged with "[u]nprofessional conduct, including . . . any departure from, or the failure to conform to, the standards of acceptable and prevailing medical practice . . . irrespective of whether or not a patient is injured thereby . . . ." N.C.G.S. § 90-14(a)(6) (1985 & Cum. Supp. 1988).

The charges and allegations brought by the Board against Dr. Guess are that he held himself out as professing to diagnose and treat human ailments by the practice of homeopathic medicine and that he engaged in the practice of homeopathic medicine for various patients. Following a public hearing, the Board concluded that Dr. Guess had engaged in unprofessional conduct by practicing homeopathic medicine because such a practice is not within the accepted standards and prevailing practice of medicine in this State. The Board therefore conditionally revoked his license to practice medicine in North Carolina.

Dr. Guess sought judicial review of the Board's decision in the Wake County Superior Court which reversed and vacated the Board's decision, finding it both arbitrary and capricious. The Board appealed to the Court of Appeals. Both the Board and Dr. Guess filed briefs in the Court of Appeals, presenting arguments on whether the superior court erred in finding that the Board's decision was not supported by competent, material and substantial evidence and on whether the Board's decision was arbitrary and capricious or prejudiced the substantial rights of Dr. Guess. No question was raised as to the jurisdiction of the Court of Appeals to hear the appeal. Nevertheless, following oral arguments on the merits, the Court of Appeals dismissed the appeal on the ground that it was not authorized to hear it. This Court allowed the Board's petition for discretionary review in order to resolve the jurisdictional question.

N.C.G.S. § 90-14.11 provides: "Any party to the review proceeding, including the Board, may appeal to the Supreme Court from the decision of the superior court under rules of procedure applicable in other civil cases." In reaching its decision, the Court of Appeals relied upon this statute and our case of *In re Wilkins,* 294 N.C. 528, 242 S.E. 2d 829 (1978) (a license revocation case initi-

ated by the Board where this Court accepted an appeal directly from the superior court). The Court of Appeals found N.C.G.S. § 90-14.11 controlling notwithstanding the later enactment of N.C.G.S. § 7A-27(b) (1986) which provides that "[f]rom any final judgment of a superior court . . . including any final judgment entered upon review of a decision of an administrative agency, appeal lies of right to the Court of Appeals."

The two statutes are in obvious conflict. N.C.G.S. § 90-14.11 directs appeals from superior court review of decisions of the Board to the Supreme Court while N.C.G.S. § 7A-27(b) effectively[1] directs such appeals to the Court of Appeals. The conflict between the two statutes was not discussed in *In re Wilkins*. In fact, there is no reference in the opinion to N.C.G.S. § 7A-27(b).

It is a generally accepted rule that where there is an irreconcilable conflict between two statutes, the later statute controls as the last expression of legislative intent. *Bland v. City of Wilmington*, 278 N.C. 657, 661, 180 S.E. 2d 813, 816 (1971); *Victory Cab Co. v. City of Charlotte*, 234 N.C. 572, 577, 68 S.E. 2d 433, 437 (1951); *Guilford County v. Estates Administration, Inc.*, 212 N.C. 653, 655, 194 S.E. 295, 296 (1937). N.C.G.S. § 90-14.11 was enacted in 1953, at a time when the Supreme Court was North Carolina's only appellate court. Then in 1967, the General Assembly enacted legislation creating the Court of Appeals. *See* 1967 N.C. Sess. Laws ch. 108, § 1 (codified as N.C.G.S. § 7A-16 (1986)). N.C.G.S. § 7A-27(b) was a part of that legislation and clearly provided for a right of direct appeal to the Court of Appeals from a final judgment of a superior court entered upon review of a decision of an administrative agency.

Any doubt regarding the appropriate appellate court to which an appeal lies from final decision of a superior court entered upon review of a decision of the Board of Medical Examiners was resolved by this Court in *In re Archibald Carter Magee*, No. 125P87, 356 S.E. 2d 5 (1987). In that case, the Board's appeal to this Court from the Wake County Superior Court "under the provisions of G.S. 90-14.11" was dismissed by this Court. The order provides as follows:

---

1. The North Carolina Board of Medical Examiners is clearly an administrative agency as that term is used in N.C.G.S. § 7A-27(b). *See* N.C.G.S. § 150B-1(c) (1987).

Purported appeal dismissed on the ground that the later enacted statute which makes the Court of Appeals the proper court to hear the appeal controls. The clerk shall return all documents delivered to this Court to counsel for the appellant forthwith. By order of the Court in conference, this the 5th day of May 1987.

*Id.*

Thereafter, the Court of Appeals heard the appeal and rendered its decision on the merits. *See In re Magee,* 87 N.C. App. 650, 362 S.E. 2d 564 (1987).

We now hold that the later enacted statute (N.C.G.S. § 7A-27(b)) controls in the instant case. The Court of Appeals is the proper court to determine appeals taken from decisions of the superior court in proceedings for judicial review of decisions of the Board of Medical Examiners. Thus, the Court of Appeals erred in dismissing the appeal. We reverse the decision of the Court of Appeals and remand to that court for consideration on the merits of the issues previously briefed and argued in that court.

Reversed and remanded.