## CIRCUIT COURT OF THE CITY OF RICHMOND

Godsey & Son, Inc.

v.

C. Ray Davenport,
Commissioner of
Labor and Industry

December 15, 2004

Case No. CH04-610-4

BY JUDGE RANDALL G. JOHNSON

After reviewing the arguments and cases set out in the written submissions, as well as the arguments made at the hearing on December 9, the court holds that the Commissioner of the Virginia Department of Labor and Industry was correct in rejecting Godsey & Son's contest of the citation issued by the Department as a result of its inspection of the sewer and water installation project in which Godsey & Son was involved. The Commissioner's action will be affirmed.

The issuance and contest of the subject citation are governed by the Administrative Regulations Manual for the Virginia Occupational Safety and Health Program. Section 260(A) of the manual provides, in pertinent part, that such citation:

[M]ay be delivered to the employer or his agent by the commissioner or may be sent by certified mail or by personal service to an officer or agent of the employer. . . .

Section 270(A) of the manual provides:

An employer to whom a citation or proposed penalty has been issued may contest the citation by notifying the commissioner in writing of the contest. The notice of contest must be mailed or delivered by hand within 15 working days from the receipt of the citation or proposed penalty. No mistake, inadvertence, or neglect on the part of the employer shall serve to extend the 15 working day period in which the employer must contest.

In this case, notice of the citation was sent by certified mail, return receipt requested, to "Mr. William D. Godsey, President, Godsey & Son." It was delivered to Godsey & Son's offices on January 17, 2002, and signed for on that date by Jill Arrington, a clerical employee of Godsey & Son, who placed the unopened envelope in Mr. Godsey's office. Ms. Arrington was not an officer of the corporation and, according to the company, was not authorized to open mail addressed to Mr. Godsey or to accept service of "legal papers." On the day Ms. Arrington signed for the envelope, Mr. Godsey was on vacation. He did not return to his office until January 22 and did not open the envelope until January 23. The company's contest of the citation was hand-delivered on February 12, 2002, which was within fifteen working days of January 23, but seventeen working days after January 17. The contest was too late.

The company argues that, as used in the manual, "receipt" of notice of a citation means actual receipt by an officer of the company and that, since Ms. Arrington was not an officer of Godsey & Son, notice of the citation was not received by the company until January 23. The court rejects the company's argument.

Although not bound by the holding of federal courts of appeals, this court agrees with, and adopts, the holding of the United States Court of Appeals for the Sixth Circuit in *Capital City Excavating Co. v. Donovan*, 679 F.2d 105 (6th Cir. 1982). In that case, involving a citation issued by the federal Occupational Safety and Health Administration, the issue was also whether a clerical employee's signing for certified mail containing notice of a citation constituted receipt of such notice by the company. In holding that it did, the court said:

The affidavit of Ralph Walls [a company officer] does not dispute the authority of the clerical employee at corporate headquarters who signed the return receipt to receive or sign for certified mail.

Though this employee did not have authority to act on the citation, it is clear that she passed it along to a company officer, because Walls had it in his possession two days later. In the absence of circumstances not present here, when a citation and notice of penalty is delivered to corporate headquarters by the statutory means and delivery is accepted by an agent of the corporation possessing authority to do so, there has been "receipt" of the document within the meaning of 29 U.S.C. § 659(a). It is reasonable to believe that such delivery will bring the document promptly to the attention of an officer or manager in position to take steps either to abate the charged deficiencies or give notice of protest. Because a citation and penalty proposal involves a determination that workers are in danger of injury, the Act provides an extremely short time for protest. This period is not to be extended merely because of delay in the internal routing of the notification document after its delivery to corporate headquarters.

679 F.2d at 110 (footnotes omitted).

The situation in the case at bar is exactly the same. Notice of citation was "sent by certified mail . . . to an officer . . . of the employer." Administrative Regulations Manual, § 260(A). It was signed for by an employee whose authority to sign for such mail, although not authorized to act on it, has never been denied by the employer. The fact that it remained unopened in the president's office for almost a week was not any kind of failure on the part of the Commissioner to do what he was supposed to do; it was a failure on the part of the employer to do what it was supposed to do, that is, to have procedures in place to insure that official documents from state agencies are handled properly. Indeed, this court finds it almost unbelievable that a clerical employee would not be instructed to bring to some responsible person's immediate attention to mail from a state agency that the agency thinks is important enough to require a signature for delivery, instead of placing it on the desk of a person who will not return to work for a week.

The court also rejects Godsey & Son's argument that the subject regulation, if interpreted as the court now interprets it, is an unconstitutional denial of due process. As noted above, and as *Capital City* makes clear, an employer cannot complain about lack or insufficiency of notice when such lack or insufficiency results from "delay in the internal routing of the notification document after its delivery to corporate headquarters." The company's predicament in this case was caused not by the Commissioner or

by a lack of due process, but by its own failure to have proper internal mail routing procedures in place.

Lastly, the court makes its decision in spite of the fact that Godsey & Son's contest was delivered only two days late. The employer's contest in *Capital City* was also delivered only two days late. That makes no difference. The important fact is that the contest was not made within the time allowed by the regulations. The court also notes that on January 23, 2002, when William Godsey opened the envelope containing notice of the citation, the company still had twelve working days in which to file its contest. It did not do so. As with its lack of internal routing procedures, the company's predicament is totally of its own making. The Commissioner's ruling will be affirmed.