**IN THE COURT OF APPEALS OF IOWA**

No. 20-0040
Filed December 16, 2020

**SWIFT PORK COMPANY,**
    Plaintiff-Appellee,

**vs.**

**EMPLOYMENT APPEAL BOARD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Myron L. Gookin, Judge.

Upon judicial review of the decision of the Employment Appeal Board (EAB) to dismiss Swift Pork Company's challenge to the issuance of a citation by the Iowa Occupational Safety and Health Administration, the district court reversed the EAB decision and remanded to the agency to address the challenge on its merits. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED TO THE AGENCY.**

Thomas J. Miller, Attorney General, and Benjamin J. Flickinger, Assistant Attorney General, for appellant.

Thomas E. Ullrich and Derek J. Brostek of Wharton Aldhizer & Weaver, PLC, Harrisonburg, Virginia, for appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

After an inspection of Swift Pork Company's plant, the Iowa Occupational Safety and Health Administration (IOSHA) issued a citation to Swift Pork alleging violations of Iowa's occupational safety and health act (Iowa Code chapter 88) and notifying Swift Pork of the imposition of a penalty.[1] The citation was sent to Swift Pork by certified mail, as permitted by Iowa Code section 88.8(1) (2018). Swift Pork responded by sending a notice of contest to the Employment Appeal Board (EAB). The labor commissioner[2] challenged the notice as untimely, asserting more than fifteen working days passed between the date Swift Pork received the citation and the date of the notice of contest. *See* Iowa Code § 88.8(1) (allowing an employer "fifteen working days from the receipt of the" citation to contest the allegations and penalty). The EAB agreed with the commissioner and dismissed Swift Pork's challenge to the citation. The issue in this appeal is whether the EAB impermissibly failed to follow its own precedents when it determined the fifteen-business-day meter started running on the date the citation was delivered to Swift Pork's security agent rather than the date the citation was delivered to an employee of Swift Pork with the authority to act on the citation.

## I.    Procedural History and Legal Standards.

Before answering the question at hand, some procedural history and explanation of the applicable legal standards is in order. As mentioned, the

---

[1] For ease of reference, the citation and notice of penalty issued by IOSHA will be referred to as "the citation."

[2] The labor commissioner is responsible for administering Iowa's occupational safety and health act. *See, e.g.*, Iowa Code §§ 88.1(3), 88.2(1), 88.5, 88.6. We will refer to the labor commissioner as simply the "commissioner."

commissioner issued a citation on August 22, 2018, and sent the citation to Swift Pork via certified mail. The certified mail receipt shows the citation was delivered to Swift Pork on August 27. Upon "receipt" of the citation, Swift Pork had fifteen working days to send a notice of contest to the EAB. *Id.* If Swift Pork failed to meet that deadline, the citation and penalty assessment would "be deemed a final order of the [EAB] and not subject to review by any court or agency." *Id.* Swift Pork's notice of contest was dated September 19 and stamped "received" on September 20.

After Swift Pork sent the notice of contest to the EAB, the commissioner filed a motion with the EAB seeking to dismiss the notice of contest on the basis that it was not timely. Swift Pork resisted and provided affidavits and other evidence showing Swift Pork contracted with a third-party security firm to pick up its mail. Due to delays with the security firm and its own internal procedures, and because the citation was generically addressed to the plant at a post office box, the citation reached a Swift Pork employee with authority to respond to it no sooner than August 31. Citing agency precedent, Swift Pork argued the date the citation reached this employee is the date Swift Pork received the citation for purposes of section 88.8(1), making its notice of contest timely.[3] The EAB ruled:

> When [Swift Pork] failed to notify the [commissioner] of its contest by the end of the fifteenth working day, [the citation] was deemed the final order of the [EAB] and therefore, not subject to review by any court or agency. The [EAB] has no power to waive the requirements of the nondiscretionary provision of the code and is barred from acquiring jurisdiction. [Swift Pork's] notice of contest must be dismissed. [(citation omitted.)] Only the [commissioner's]

---

[3] In their arguments to us, the parties agree Swift Pork's notice of contest was not timely if the citation was received on August 27, but the notice was timely if the citation was received on August 31.

fraud or deception may excuse late filing, and there has been no assertion by [Swift Pork] of fraud or deception, therefore [the commissioner's] Motion to Dismiss is granted.

Swift Pork sought judicial review of the EAB's decision. *See id.* §§ 88.9, 17A.19. The district court reversed the EAB's decision, finding the agency erred by ignoring its prior practice or precedent and measuring the fifteen-day period from the date the citation was received by the security firm rather than the date an employee with authority to act on the citation received it. *See id.* § 17A.19(10)(h) (permitting reversal of an agency decision "that is inconsistent with the agency's prior practice or precedents, unless the agency has justified that inconsistency by stating credible reasons sufficient to indicate a fair and rational basis for the inconsistency when the agency acts inconsistently with its prior practice or precedent"). The EAB appeals from the district court's ruling.

## II. Standard of Review.

We turn next to the standard of review. In addressing the standard of review, it is important to remember the issue on appeal as framed by the parties. Although Swift Pork raised seven grounds for reversal in its petition filed to initiate judicial review in the district court, by the time the case reached the hearing stage, Swift Pork pared its argument down to five grounds for reversal. Specifically, Swift Pork urged reversal pursuant to Iowa Code section 17A.19(10)(f), (h), (j), (k), and (n). The district court found Swift Pork was entitled to reversal of the EAB decision pursuant to Iowa Code section 17A.19(10)(h), so did not address the other grounds. In its post-hearing motion filed pursuant to Iowa Rule of Civil Procedure 1.904(2) and its brief on appeal, the EAB limited its challenge to the district court's conclusions pursuant to section 17A.19(10)(h). We do the same. Based on this

procedural posture of the case, we express no opinion on the propriety of the EAB's actions on any of the other grounds originally asserted by Swift Pork.

In reviewing agency action pursuant to Iowa Code section 17A.19, the district court acts in an appellate capacity. *Lowe's Home Centers, L.L.C. v. Iowa Dep't of Revenue*, 921 N.W.2d 38, 45 (Iowa 2018). On appeal, since we are reviewing the district court acting in an appellate capacity, we apply the same standards of Iowa Code section 17.19(10) to determine if we reach the same result as the district court. *Id.* Allegations that an agency's actions should be reversed pursuant to section 17A.19(10)(h) because the agency failed to follow its prior practice or precedent are reviewed under the unreasonable, arbitrary, capricious, or abuse of discretion standard. *Office of Consumer Advocate v. Iowa Utils. Bd.*, 770 N.W.2d 334, 341 (Iowa 2009). Our supreme court has noted that the reporter-draftsman of the amendments who created Iowa Code section 17A.19(10)(h) has stated subparagraph (h) provides "a specific example 'of agency action that any reviewing court should overturn as unreasonable, arbitrary, capricious, or an abuse of discretion.'" *Finch v. Schneider Specialized Carriers, Inc.*, 700 N.W.2d 328, 332 (Iowa 2005) (quoting Arthur Earl Bonfield, *Amendments to Iowa Administrative Procedure Act, Report on Selected Provisions* 69 (1998)).

## III.    Discussion of the Merits.

Turning to the merits of this dispute, our task on appeal is to determine whether the EAB impermissibly failed to follow its own precedent when it decided the fifteen-business-day meter began running on the date of delivery indicated on the certified mail receipt. While the parties disagree as to the interpretation of the relevant precedent, they are generally in agreement that two decisions of the EAB

form the core body of that precedent: (1) *Labor Commissioner v. Carroll County Ambulance Service*, IOSHAB Docket No. 3838 (Emp. Appeal Bd. July 24, 1991); and (2) *Labor Commissioner v. City of Sioux City*, IOSHAB Docket No. 5560 (Emp. Appeal Bd. June 20, 2017).[4]

### A.    The Precedents at Issue.

In *Carroll County*, the commissioner issued a citation to and imposed a penalty upon Carroll County.  IOSHAB Docket No. 3838, at 1.  The citation and notice of penalty was sent by certified mail to the ambulance garage owned by the county and was received by an employee of the ambulance garage.  *Id.*  The county moved to dismiss the citation and corresponding penalty on the basis that the commissioner failed to properly serve the county under either of the methods set forth in Iowa Code section 88.8(1) (i.e., personal service or certified mail).  *Id.* at 2.  The EAB granted the motion to dismiss.  *Id.* at 3.  Finding that service on the county's employee who worked at the ambulance garage was insufficient to fulfill the commissioner's obligation to serve "the employer," the EAB stated:

> Unfortunately, the statute does not define the term "employer" with enough clarity to clearly resolve the issue here, where the employer is a large entity which carries on different activities at different locations.  The proper approach to such a situation is to resolve the question in a manner consistent with the purposes of the Act.  The majority members will rely on [*Buckley & Co. v. Secretary of Labor*, 507 F.2d 78 (3rd Cir. 1975),] in its holding that the notice of enforcement action must be received by an official of the corporation who has the authority to effect the abatement of the condition alleged to constitute a violation, or to contest the action within 15 days of receipt of it.  Unless notice has been received by such a person, the [commissioner] has not fulfilled his obligation under the Act to notify the employer. . . .
>      . . . .

---

[4] Because these two EAB decisions are not readily available online or elsewhere, we will summarize them, perhaps in more detail than we otherwise would.

Although the citation issued in this matter was timely contested, the [employer] must not be placed in a position where it has to rely on its various employees at various worksites to promptly channel the enforcement documents to the [employer's] proper officials who have authority to act on them. The Act allows the [employer] a maximum of 15 days in which to contest the citation and proposed penalty; therefore, the Labor Commissioner must ensure that the Employer responsible for contesting such matters be notified by certified mail.

*Id.* at 2–3. Finding the commissioner did not fulfill the commissioner's obligation to serve a proper employee of the entity against which the citation had been issued, the EAB vacated the citation and associated penalty.

In *Sioux City*, the commissioner sent a citation via certified mail to the employer's location where the alleged violation took place. IOSHAB Docket No. 5560, at 4. Employees of the city who worked at that location received the citation, but the mayor or city clerk did not. *Id.*; *see also* Iowa Code § 88.8(1) (requiring the commissioner to notify an employer by "service in the same manner as an original notice or by certified mail"); Iowa R. Civ. P. 1.305(8) (providing for personal service of original notice on a city by serving its mayor or clerk). The commissioner sought to dismiss the city's notice of contest, claiming it was late when measured from the date the citation was received by the employees working at the location where the alleged violation took place. IOSHAB Docket No. 5560, at 4. In addressing the timeliness of the city's challenge to the citation, the EAB stated:

Sending the citation to the location where the inspection and violation took place is, at a minimum, *prima facie* evidence of notice sufficient to trigger the deadline. . . . Unfortunately, the [city] provides no detail on the routing of the notice through its employees. Since the [commissioner] makes, at least, a *prima facie* case of untimeliness and since the [city] is the one with access to its own internal processing of the Notice it is incumbent on [the city] to come up with some information that the Notice was not received by a suitable

person until within 15 working days of [the date the city mailed its notice of contest].

*Id.* at 4–5.  Finding no evidence to overcome the prima facie case of untimeliness, the EAB dismissed the city's challenge to the citation.  *Id.* at 5–6.

### B.     The EAB's Actions.

With those two EAB decisions as background, we turn to the EAB's actions in this case.   Faced with the commissioner's motion to dismiss Swift Pork's challenge to the citation, Swift Pork responded within the agency proceeding with detailed, sworn information about who received the citation and how and when it was routed to an employee of Swift Pork with the authority to act on it.   Swift Pork also cited to the EAB's decision in *Carroll County* as EAB precedent controlling the issue at hand.   The commissioner responded by bringing the EAB's attention to the EAB's decision in *Sioux City*, arguing that *Sioux City* controlled the outcome.

In spite of having its attention called to both the *Carroll County* and *Sioux City* decisions, the EAB cited neither case in its ruling.  Instead, the EAB simply stated the citation was received by Swift Pork on August 27, calculated the fifteen-working-day-deadline measured from August 27 as September 18, and concluded Swift Pork's notice of contest sent on September 19 was too late, thus depriving the EAB of jurisdiction to hear Swift Pork's challenge.   As a result, the EAB dismissed Swift Pork's challenge, making the citation the final order of the EAB that is not subject to review by any court or agency.

### C.     The Disagreement.

The EAB asserts the EAB's 1991 *Carroll County* decision, and the federal *Buckley* decision cited therein, has been distinguished, if not overruled, by the

EAB's 2017 *Sioux City* decision; thus, *Sioux City* requires the outcome reached by the EAB in this case. The EAB also asserts Swift Pork and other employers should not be allowed to frustrate the purpose of Iowa Code chapter 88 and delay implementation of safety precautions in the workplace by establishing cumbersome internal mail delivery processes. Finally, the EAB asserts substantial evidence supports a finding that Swift Pork received the citation on August 27, so its notice of contest sent on September 19 was one day late.

Swift Pork counters that *Sioux City* did not distinguish or overrule *Carroll County*. Instead, Swift Pork argues, *Sioux City* essentially built off *Carroll County* by establishing the standard that mail received by a person without the authority required by *Carroll County* is prima facie evidence of delivery, but it can be rebutted by evidence providing details as to the procedure followed by the employer in routing the citation to a person with authority to act on the citation.

### D. Resolving the Disagreement—Application of the Precedents.

On our review of the agency precedents, we believe the EAB has clearly established a practice of looking beyond the date a citation is delivered and examining when a person in authority received the citation in determining when the citation is received for purposes of section 88.8(1). In *Carroll County*, the EAB acknowledged that determining what person needs to be served with a citation is not clearly answered by section 88.8(1). IOSHAB Docket No. 3838, at 2. To resolve the ambiguity in the statute, the EAB established that, in order to meet its obligation under section 88.8(1) to serve the citation on the "employer," the commissioner had to deliver the citation to an "official of the corporation who has the authority to effect abatement of the condition alleged to constitute a violation,

or to contest the action within 15 days of receipt of it." *Id.* Until the citation has been received by "such a person," the commissioner has not fulfilled the commissioner's obligation under chapter 88 to "notify the employer." *Id.* at 2–3.

Contrary to the EAB's assertion in this case, the *Sioux City* decision did not abandon or step away from the *Carroll County* precedent. *Sioux City* simply clarified the minimum the commissioner must establish to make a prima facie showing of compliance by holding, "[s]ending the citation to the location where the inspection and violation took place is, at a minimum, prima facie evidence of notice sufficient to trigger the deadline." IOSHAB Docket No. 5560, at 4. Once such a prima facie showing has been made, it then becomes incumbent on the employer "to come up with some information that the Notice was not received by a suitable person." *Id.* Although the *Sioux City* decision does not mention *Carroll County* by name, something one would expect it to do if the EAB was overruling or even distinguishing *Carroll County*, *Sioux City* does reference requiring notice to be given to a "suitable person." *Id.* We agree with the following assessment made by the district court of the interplay between *Carroll County* and *Sioux City*:

> To comply with the citation notice requirement and trigger commencement of the "15 working days" period under Iowa Code Sec. 88.8(1), the citation must be received [by] a person "who has the authority to effect abatement of the condition alleged to constitute a violation, or to contest the action within 15 days of receipt of it." However, if the citation is sent to the location of the inspection and violation, irrespective of who receives it, such receipt is *prima facie* evidence the "15 working days" period has been triggered for determining timeliness of filing a notice of contest by the Employer. The burden then falls on the Employer to detail "some information" in support of its claim that a suitable person did not receive the notice until a date certain making the notice of contest timely. Thus, even if the citation of violation is delivered directly to the location of the inspection and violation, where one would expect a "suitable person"

to receive the notice, the Employer still has a process by which to rebut the *prima facie* evidence of proper delivery.

Contrary to these EAB precedents, the EAB made no fact finding regarding Swift Pork's arguments as to when a "suitable person" received the citation. This requires reversal of the EAB's decision, unless it can be shown the exception provided for in Iowa Code section 17A.19(10)(h) applies.

### E.       Resolving the Disagreement—The Statutory Exception

Iowa Code section 17A.19(10)(h) requires an agency to act consistently with its prior precedent. However, there is an exception stated in that section that permits an agency to act inconsistently with its precedent. That exception applies if "the agency has justified that inconsistency by stating credible reasons sufficient to indicate a fair and rational basis for the inconsistency." Here, the EAB gave no explanation for straying from its precedents, let alone an explanation that would constitute "credible reasons sufficient to indicate a fair and rational basis for the inconsistency." Iowa Code § 17A.19(10)(h). Therefore, the statutory exception does not apply based on the record at this time.

## IV.    Conclusion.

For the reasons explained herein, we agree with the decision of the district court that the EAB acted unreasonably, arbitrarily, or capriciously and abused its discretion by failing to follow its own precedent and determine when a "suitable person" received the citation. Therefore, we affirm that part of the district court's decision reversing the EAB's decision rejecting Swift Pork's challenge as untimely. However, we disagree with that portion of the district court's ruling in which the district court engaged in extensive examination of the facts. The agency, "as trier

of fact, has a duty to weigh the evidence." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). To the extent the district court performed fact finding and determined whether Swift Pork's notice of contest was timely as a matter of fact, we vacate that part of the decision.

The EAB's decision dismissing Swift Pork's contest of the citation must be reversed pursuant to Iowa Code section 17A.19(10)(h), as the EAB's action was inconsistent with its prior precedent without adequate justification being provided for such inconsistency. The matter is remanded to the EAB for further proceedings, which shall include application of its prior precedents (or an explanation stating credible reasons sufficient to indicate a fair and rational basis for any action inconsistent with its prior precedents) and fact finding necessary to apply those precedents (e.g., when a "suitable person" received the citation).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED TO THE AGENCY.**